UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JHON JAIRO CAICEDO PUENTES,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No.  1:26-cv-00029-DAD-SCR

ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABES CORPUS

(Doc. No. 1)

On January 5, 2026, petitioner filed the operative petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion for temporary restraining order.  (Doc. Nos. 1, 2.)  On January 7, 2026, respondents filed an opposition to that motion for temporary restraining order, arguing in pertinent part that petitioner is subject to mandatory detention as an "applicant for admission" pursuant to 8 U.S.C. § 1225(b)(2)(A).  (Doc. No. 8 at 2–3.)  On January 9, 2026, the court issued an order finding that petitioner had previously been released by immigration authorities, that he had a liberty interest in his continued release, and that petitioner's detention without a pre-deprivation hearing violated his due process rights.  (Doc. No. 9.)  Accordingly, the court granted petitioner's motion for temporary restraining order, ordered petitioner's immediate release, and enjoined petitioner's re-detention without a pre-deprivation hearing.  (*Id.*)  On January 23, 2026, respondents filed a status report in which they requested that this court rule on the underlying merits of the petition based on the filings already submitted by the parties.  (Doc.

1

No. 10.)  To date, petitioner has not filed an opposition to this request or a motion for preliminary injunction.  Accordingly, the court will now rule on the merits of the pending petition.

For the same reasons explained in the court's prior order (Doc. No. 9), it is hereby ordered:

1.    The court GRANTS petitioner's petition for writ of habeas corpus (Doc. No. 1) as follows:

a.    Respondents are ENJOINED and RESTRAINED from re-detaining petitioner, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be placed on respondents to demonstrate that petitioner is a danger to the community or a poses a risk of flight by clear and convincing evidence; and

2.    The Clerk of the Court is directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated:    **June 2, 2026**                    _____
                                            DALE A. DROZD
                                            UNITED STATES DISTRICT JUDGE

2